

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-18,231-19

### EX PARTE BILLY DALE CARTER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. D-1-DC-92-920999-I IN THE 331ST DISTRICT COURT
### FROM TRAVIS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of robbery and sentenced to twenty-five years' imprisonment. He did not appeal his conviction.

Applicant contends that he was denied due process during his parole revocation proceedings. Specifically, Applicant alleges that he requested counsel to represent him at the revocation hearing because he has a history of mental illness and was taking multiple medications, but that no counsel was appointed. The habeas record does not contain a response from the State or findings of fact from the trial court.

A parolee is not absolutely entitled to appointed counsel for a revocation hearing. *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973). The decision to appoint counsel must be made on a case-by-case basis. *Id*. "When a parolee may have difficulty in presenting his version of a disputed set of facts or when the facts or mitigating circumstances are so complex that they can fairly be presented only by a trained advocate, counsel should be appointed in a parole revocation proceeding." *Ex Parte Taylor*, 957 S.W.2d 43, 47 (Tex. Crim. App. 1997).

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall resolve those issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it shall order affidavits, depositions, or interrogatories, or it may order a hearing. The trial court may obtain affidavits from Applicant's supervising parole officer and the parole revocation hearing officer. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first supplement the record with copies of any relevant documentation from the parole revocation process, including the notification of Applicant's rights in the revocation process, and the hearing officer's report from the revocation hearing. Following receipt of additional information, the trial court shall make findings of facts as to whether, at the time of the revocation hearing, Applicant had a mental or physical defect, such that his ability to effectively communicate was compromised such that counsel should have been appointed to represent him in his revocation proceedings. The trial court shall also make any other findings of fact and conclusions of law that

it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.


Filed: November 22, 2017
Do not publish